**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

|  |  |  |
|---|---|---|
| REAL PROVENCHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-317 |
| | § | |
| BINION & SIMS, P.C. and GWYNNE | § | |
| E. OLD, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER DENYING ALL MOTIONS FOR SUMMARY JUDGMENT**

This case arises out of an Agreed Judgment ending a state-court lawsuit between Real Provencher ("Plaintiff") on one hand and Binion & Sims, P.C. and Gwynne E. Old (collectively, "Defendants") on the other.  Now before the Court are Motions for Summary Judgment by both Defendants and a Motion for Partial Summary Judgment by Plaintiff.  For the reasons stated below, the Motions are **DENIED**.

**I.  Background**

On February 8, 2005, the 190th District Court of Harris County, Texas entered an Agreed Final Judgment in a case between Plaintiff and Defendants concerning unpaid attorneys' fees.  It was ordered that Plaintiff pay Defendants a total of $150,000.  The document stated in part:

> This judgment may be abstracted and recorded of record, but no execution shall issue until nine months following the date of this judgment.  Defendant [now Plaintiff] agrees that any sale proceeds of the Hinckley sailing vessel Pamina, Hull/Official no. 684907, after payment of the first lien and brokerage fees, shall be used to pay off this $150,000 judgment.

1

The unpaid attorneys' fees did not relate to any dispute over the vessel, which is owned by Plaintiff and his wife.  On April 13, 2005, Defendants sent to the National Vessel Documentation Center ("NVDC") a Notice of Claim of Lien and Declaration on the Vessel for filing.  The Notice of Claim of Lien stated that Defendants had a judgment lien on the vessel, and they attached a copy of the Agreed Judgment to the Notice.

Plaintiff filed suit in this Court, arguing that Defendants' filing of the Notice of Claim of Lien was unlawful.  Defendants countersued for breach of contract.

## II.  Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986).  The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553.  The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e), *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  The court must view all evidence in the light most favorable to the non-movant. *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003).  If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

## III.  Analysis

*A.  Plaintiff's Motion for Partial Summary Judgment*

*1.  Existence of a Lien*

Plaintiff asks the Court to find that Defendants' filing of the Notice of Claim of Lien is null and void and that Defendants have no lien against the Pamina, whether it be a preferred mortgage, judgment lien, or maritime lien.  Plaintiff correctly states that Defendants do not have a preferred mortgage on the Pamina.  The Ship Mortgage Act was intended to include state-law mortgages on vessels in the protection of creditors provided by admiralty courts.  *See, e.g., The Thomas Barlum v. Barlum S.S. Co.*, 293 U.S. 21, 32, 55 S. Ct. 31, 33, 79 L. Ed. 176 (1934).  Defendants' claim on the Pamina does not fit in this category.  The law defines a preferred mortgage as "a mortgage that is a preferred mortgage under section 31322 of this title" and, "in sections 31325 and 31326 of this title, a mortgage, hypothecation, or similar charge that is established as a security on a foreign vessel."  46 U.S.C. § 31301(6).  The Pamina is not a foreign vessel, so the second part of the definition is inapplicable.  46 U.S.C. § 31322 defines a preferred mortgage as "a mortgage, whenever made" that meets certain requirements.  Therefore, the instrument must be a mortgage before it can be a preferred mortgage.  *See The Thomas Barlum*, 293 U.S. at 38, 55 S. Ct. at 36.  Defendants have not established that the Agreed Judgment constitutes a mortgage under Texas law.

Defendants attempt to use the language in 46 U.S.C. § 31325 ("A preferred mortgage is a lien on the mortgaged vessel . . .") to define a preferred mortgage as a lien on a vessel, but this language does not actually define a preferred mortgage.  Rather, it makes a preferred mortgage a type of maritime lien for the purpose of enforcement of the preferred mortgage in federal court.  § 31301–entitled "Definitions"–and § 31322, referred to in § 31301–define the term, as explained above.  While all preferred mortgages are liens, every lien on a vessel is not a preferred mortgage.

Nonetheless, the Court finds that the vessel is subject to the lien claimed by Defendants.

3

Plaintiff argues that in *Jackson v. Inland Oil and Transport Corp.*, 318 F.2d 802, 806 (5th Cir. 1963), the Fifth Circuit held that a final decree in a libel in personam did not constitute a lien on the vessel in a case concerning unpaid charter hire.[1]  However, by agreement of the parties, the final decree in that case specifically omitted any mention of execution against the vessel.  *See id.* at 804.  And even in that case, the Fifth Circuit found that some kind of security was created when the vessel was attached.  *See id.* at 807.

While the Agreed Judgment may have been poorly written, the clear intention of the parties was to grant Defendants a security interest in the Pamina, a documented vessel, to ensure payment of Plaintiff's debt.  *See United States v. Phillips*, 267 F.2d 374, 377 (5th Cir. 1959) (defining a lien generally as a charge on property to secure the payment of a debt).  The Agreed Judgment is, on its face, an enforceable judgment to be construed as would a contract.  *See Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519-520 (Tex. 1984).  Parties may create a lien by agreement.  *See Piedmont & George's Creek Coal Co. v. Seaboard Fisheries Co.*, 254 U.S. 1, 13, 41 S. Ct. 1, 5, 65 L. Ed. 97 (1920) (relying on lower court's factual finding that the parties had not created a non-statutory lien by agreement, but implying that such a creation is possible); *The Balize*, 52 F. 414, 416 (E.D. Mich. 1887) ("The admiralty court can only enforce or give effect to subsisting liens created by statute or *contract* as against the owner of surplus proceeds." (emphasis added)).  Under Texas law, an equitable lien can be created by "a contract, either express or implied, which deals with or operates on some specific property."  *Richards v. Suckle*, 871 S.W.2d 239, 241 (Tex. App.–Houston [14th Dist.] 1994, no writ).

---

[1]The Supreme Court has also found that a state-court judgment alone does not give rise to a maritime lien or even a judgment lien on personal property.  *See The Lottawanna*, 87 U.S. 201, 22 L. Ed. 259 (1873); *see also United States v. F/V Sylvester F. Whalen*, 226 F. Supp. 617, 619 (D. Me. 1964), *vacated in part on other grounds sub nom. Pratt v. United States*, 340 F.2d 174 (1st Cir. 1964).  But, as explained below, this is not an ordinary state-court judgment, and it specifically mentions the Pamina.

Federal courts have long enforced liens created by private contracts, particularly when the granting of the lien appears to be part of the consideration for the contract, as is the case here. *See, e.g., Riddle v. Hudgins*, 58 F. 490, 492-94 (8th Cir. 1893).

The fact that the Parties specifically mentioned the Pamina as security for the debt owed to Defendants in an *Agreed* Judgment–not a regular state-court judgment–distinguishes this case from those cases holding that a state-court judgment cannot create a lien on a vessel. *See Fee-Crayton Hardwood Co. v. Richardson-Warren Co.*, 18 F. 2d 617, 622-23 (W.D. La. 1927) (enforcing equitable lien arising from explicit contractual language). Even if Defendants do not have a judgment lien, since under Texas law, a judgment lien can only arise against real property, they still have a lien against the Pamina. *See* Tex. Prop. Code Ann. § 52.001 (Vernon 1995). The name of the lien listed on the Notice of Claim form does not change the legal position of Plaintiff or Defendants.

The wording of the Agreed Judgment could be read as giving Defendants an interest only in the proceeds of the sale of the Pamina rather than in the vessel itself, but without an interest in the vessel, Defendants have no way of protecting their interest in the proceeds. Plaintiff could move the vessel out of state and sell it to a buyer who has no knowledge of Defendants' claim, and Defendants would get nothing. Without the ability to file their claim on the vessel with the NVDC, the Agreed Judgment is worthless to Defendants. To interpret the Judgment in that manner would render the provision concerning the Pamina meaningless, which is contrary to the Texas law on interpretation of agreed judgments. *See Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000).

*2. Validity of Filing*

Plaintiff argues that even if Defendants have a lien, a judgment lien is not the type of lien that may be recorded with the NVDC. 46 U.S.C. § 31343 states: "Except as provided under subsection (d) of this section [covering preferred mortgages], a person claiming a lien on a vessel documented .

5

. . under chapter 121 may record with the Secretary of Transportation a notice of that person's lien claim on the vessel." Although the title of the statute refers to maritime liens, the text of the statute does not require the lien to be a maritime lien; in fact, the notice must "state the nature of the lien," which implies that the statute covers more than one kind of lien. *Id.* Also, filing alone does not make a lien a maritime lien, indicating that other types of liens could be filed. *See* 46 U.S.C. § 31343(f) ("This section does not alter in any respect the law pertaining to the establishment of a maritime lien, the remedy provided by such a lien, or the defenses thereto . . . .").

Plaintiff specifically agreed to have the Agreed Judgment recorded. Defendants' action in filing the Notice of Claim of Lien with the NVDC is simply a way for Defendants to make sure that any purchaser of the vessel will be aware of their claim. Defendants acted to protect themselves, and this action does not harm Plaintiff in any way (unless Plaintiff does not intend to abide by the judgment). Therefore, Defendants had every right to file a Notice of Claim of Lien.

Plaintiff also complains that Defendants' filing did not precisely meet the filing requirements established by 46 U.S.C. § 31321, which include, among other things, a requirement that the instrument must state the interest of the grantor in the vessel. The cover letter to the NVDC states that Plaintiff and Barbara Provencher own the vessel, but the Agreed Judgment does not mention the joint ownership. First, the law only demands "substantial compliance" with the requirements. *See* 46 U.S.C. § 31321(a)(3); *Lake Jackson State Bank v. Oil Screw Kingfish Too*, 240 F. Supp. 450, 451-52 (S.D. Tex. 1965). Second, this section pertains to bills of sale, conveyances, mortgages, assignments, or related interests; it does not apply to every type of interest in a vessel. *See* 46 U.S.C. § 31321. The formal requirements for a Notice of Claim of Lien are found in 46 U.S.C. § 31343, and Plaintiff has not contested the sufficiency of Defendants' filing under those standards.

Finally, Plaintiff seems to argue that because the Agreed Judgment explicitly grants Defendants

6

the right to record the Agreed Judgment itself, this is the only method of recording available to Defendants. Defendants, though, do not need Plaintiff's permission to file, record, or otherwise perfect any interest they may have derived from the Agreed Judgment.

The Parties created a lien against the Pamina in the Agreed Judgment, and Defendants correctly filed their Notice of Claim of Lien with the NVDC. Plaintiff's Motion for Partial Summary Judgment is therefore **DENIED**.

*B. Defendants' Motion for Summary Judgment*

Under Texas law, the language of an agreed judgment is construed using principles of contract law. *See Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519-520 (Tex. 1984). Defendants argue that Plaintiff anticipatorily breached the Agreed Judgment by contesting Defendants' recording of the lien. The Court disagrees. Plaintiff was well within his rights to contest in a legal manner what he believed to be an illegal recording of the judgment. While the Court disagrees with Plaintiff's interpretation of the Agreed Judgment and the law, Plaintiff's use of the courts to settle a disagreement about the terms of the Agreed Judgment does not constitute a breach or an anticipatory breach. Plaintiff has not repudiated the judgment–he has not stated that he will not use the proceeds from the sale to pay Defendants. Plaintiff is on notice, though, that he must use the proceeds from the sale of the Pamina to pay Defendants as set forth in the Agreed Judgment. The Court suggests that Defendants should, in the future, bill their clients monthly to avoid finding themselves with an unpaid bill of $150,000.

## IV. Conclusion

Defendants have a valid lien against the Pamina, and they correctly filed a Notice of Claim of Lien with the NVDC. Plaintiff's Motion for Partial Summary Judgment is therefore **DENIED**. However, Plaintiff's action to contest the filing and claim of lien did not constitute a breach or

anticipatory breach of the Agreed Judgment.  Defendants' Motion for Summary Judgment is also

**DENIED**.  Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein

to date.

**IT IS SO ORDERED.**

**DONE** this 5th day of August, 2005, at Galveston, Texas.

Samuel B. Kent
United States District Judge