IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| REAL PROVENCHER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-317 |
| § | |
| BINION & SIMS, P.C. and GWYNNE E. § | |
| OLD, § | |
| § | |
| Defendants. § | |

**ORDER GRANTING DEFENDANT BINION & SIMS, P.C.'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT GWYNNE E. OLD'S MOTION FOR SUMMARY JUDGMENT**

This case arises out of an Agreed Final Judgment that ended a state-court lawsuit between Real Provencher ("Plaintiff") on one hand, and Binion & Sims, P.C. ("Binion & Sims") and Gwynne E. Old ("Old") (collectively, "Defendants") on the other. Now before the Court is Binion & Sims' Motion for Summary Judgment and Old's Motion for Summary Judgment. For the reasons stated below, both Motions are **GRANTED**.

**I. Background**

On February 8, 2005, the 190th District Court of Harris County, Texas, entered an Agreed Final Judgment in a case between Plaintiff and Defendants concerning unpaid attorneys' fees. Plaintiff was ordered to pay Defendants a total of $150,000. Plaintiff agreed that any sale proceeds of the Hinckley sailing vessel PAMINA, Hull/Official no. 684907, after payment of the first lien and brokerage fees, would be used to pay off the $150,000 judgment.

These fees did not relate to any dispute over the PAMINA, which is owned by Plaintiff and his wife. On April 13, 2005, Defendants sent to the National Vessel Documentation Center ("NVCD")

a Notice of Claim of Lien and Declaration on the Vessel for filing. The Notice of Claim of Lien stated that Defendants had a judgment lien on the PAMINA, and they attached a copy of the Agreed Final Judgment to the Notice.

On June 2, 2005, Plaintiff filed suit in this Court, arguing that Defendants' filing of the Notice of Claim of Lien was unlawful. Defendants countersued for breach of contract. On August 5, 2005, this Court denied Defendants' and Plaintiff's Motions for Summary Judgment finding that Defendants had a valid lien against the PAMINA, and that they correctly filed a Notice of Claim with the NVDC. That decision effectively disposed of Plaintiff's First and Second Causes of Action. The only remaining Cause of Action was Plaintiff's claim of tortious interference. Defendants now argue in their separate Motions for Summary Judgment that this remaining claim is barred as a matter of law.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 58–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The Court must view all evidence in the light most favorable to the non-movant. *See, e.g., Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003). If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be

granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

**III. Analysis**

Plaintiff's remaining claim is for tortious interference. Plaintiff alleges that Defendants wrongfully filed a Notice of Claim of Lien and Declaration when there was no basis for such a filing, and that this wrongfully and tortiously interfered with the existing contractual relations between Plaintiff and the holder of the first lien preferred ship mortgage on the PAMINA. Plaintiff also alleges, in a somewhat vague manner, that Defendants' actions have tortiously interfered with its prospective business relations by adversely affecting the market value and/or marketability of the PAMINA.

*A. Defendant Binion & Sims' Motion for Summary Judgment*

Under Texas law, a plaintiff must prove the following elements to succeed on a claim for tortious interference with an existing contract: (1) an existing contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that proximately caused the plaintiff's injury; and (4) caused actual damages or loss. *See Prudential Ins. Co. of Am. v. Financial Review Serv., Inc.*, 29 S.W.3d 74, 77–78 (Tex. 2000) (citing *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997)). Defendants may negate their liability for tortious interference with an existing contract "on the ground that its conduct was privileged or justified." *Id.* at 78. The affirmative defense of justification may be based on either the exercise of one's own legal rights or a good-faith claim to a colorable legal right. *Id.* at 80; *see also Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726–27 (Tex. 2001). "[I]f a trial court finds as a matter of law that the defendant had a legal right to interfere with a contract, the defendant has conclusively established the justification defense, and the motive is irrelevant." *Prudential Ins. Co. of Am.*, 29 S.W.3d at 80.

The elements for a claim for tortious interference with a prospective business relationship are slightly different. Under Texas law, a plaintiff must prove the following elements to succeed on a claim for tortious interference with a prospective business relationship: (1) a reasonable probability that the parties would have entered into a contractual relationship; (2) an "independently tortious or unlawful act" by a defendant that prevented that relationship from forming; (3) that defendant did such act with a conscious desire to prevent the relationship from occurring or knew that it was certain or substantially certain to occur as a result of his conduct; and (4) that the plaintiff suffered actual harm or damage as a result of defendant's interference. *See Allied Capital Corp. v.* Cravens, 67 S.W.3d 486, 491 (Tex. App.—Corpus Christi 2002, no pet.); *see also Sturges*, 52 S.W.3d at 726; *Brandford v. Vento*, 48 S.W.3d 749, 757 (Tex. 2001). In addition to the slightly different elements, the Texas Supreme Court has limited the availability of the justification and privilege defenses. In *Wal-Mart Stores, Inc. v. Sturges*, the Texas Supreme Court held that the justification and privilege defenses in a claim for tortious interference with prospective business relations were only available to the extent that they were defenses to the independent tortiousness of the defendant's conduct. *Id.* at 726–727.

Binion & Sims' argues that this Court's prior Order of August 5, 2005, bars as a matter of law Plaintiff's claim for tortious interference. In that Order, the Court found that "Defendants' [Binion & Sims and Old] action in filing the Notice of Claim of Lien with the NVDC is simply a way for Defendants to make sure that any purchaser of the vessel [PAMINA] will be aware of their claim. Defendants [Binion & Sims and Old] acted to protect themselves, and this action does not harm Plaintiff in any way…. Therefore, Defendants had every right to file a Notice of Claim of Lien." Defendants have a valid lien against the PAMINA, and they were well within their rights to file a Notice of Claim of Lien with the NVDC. No harm came to Plaintiff as a result of Defendants' actions. There is nothing in the record to suggest that the Court was erroneous in its decision in the August 5,

2005 Order.

Given the prior findings of this Court, combined with the complete dearth of contradictory facts, Plaintiff cannot show that he has (1) suffered any injury or (2) incurred any actual damages or loss. Plaintiff must prove this whether he is proceeding under a theory of tortious interference with an existing contract, or tortious interference with prospective business relationships. Defendants had every right to filed a Notice of Claim of Lien with the NVDC, and Plaintiff suffered no harm as a result. Binion & Sims has met its initial burden of demonstrating the absence of a genuine issue of material fact on the third and fourth elements of a claim for tortious interference with an existing contract and the fourth element of a claim for tortious interference with prospective business relations, and that it is entitled to judgment as a matter of law on both claims.

In his Response to Binion & Sims' Motion for Summary Judgment, Plaintiff chose to re-submit the arguments that he has made in previous "pleadings, memorandum [sic] and motions" by reference to those documents, and has asked the Court to reconsider its previous rulings in this case, and that if the Court were to do so, it would see that Binion & Sims' Motion for Summary Judgment should be denied. Essentially, Plaintiff concedes that in light of this Court's previous rulings, it has no viable claim for tortious interference. Plaintiff failed to meet its burden by coming forward with any facts demonstrating that there is a genuine issue for trial. Binion & Sims is entitled to judgment as a matter of law.

In addition, Binion & Sims has also established its justification defense as a matter of law. The justification defense to a claim of tortious interference with an existing contract can be based on the exercise of one's own legal rights. Binion & Sims was well within its own legal rights to file a Notice of Claim of Lien and Declaration with the NVDC. Defendants took this action to protect themselves and to make sure that any purchaser of the vessel would be aware of their outstanding

claim. Plaintiff offers no contradictory legal authority or facts that would convince this Court to find otherwise. Binion & Sims established its justification defense as a matter of law.

### B. *Defendant Gwynne E. Old's Motion for Summary Judgment*

The facts and authorities presented in Old's Motion for Summary Judgment are identical to the facts and authorities presented in Binion & Sims' Motion for Summary Judgment. Plaintiff's Response to Old's Motion for Summary Judgment is nearly identical to his Response to Binion & Sims' Motion for Summary Judgment. For the exact same reasons stated above, the Court finds that Old has established that she is entitled to summary judgment as a matter of law.

## IV. Conclusion

For the reasons stated above, Defendant Binion & Sims' Motion for Summary Judgment is **GRANTED** and Defendant Old's Motion for Summary Judgment is **GRANTED** and Plaintiff's Claims for tortious interference against both Defendants are **DISMISSED WITH PREJUDICE**. All pending Motions not yet addressed by the Court are hereby **DENIED**. Plaintiff must bear Defendants' taxable costs incurred herein to date. Each Party is to bear its own expenses and attorneys' fees. A Final Judgment will be issued contemporaneously with this Order.

**IT IS SO ORDERED**.

**DONE** this 16th day of November, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge